UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BENJAMIN TUCKER,<br><br>                                    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                    Defendant. | Case Nos. 3:24-CV-01994-GPC<br>24-CR-1615-GPC<br><br>**ORDER DISMISSING PETITION TO VACATE UNDER 28 U.S.C. § 2255**<br><br>**[ECF No. 1]** |

On October 24, 2024, Plaintiff, a prisoner proceeding *pro se*, filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1. He is currently serving a sentence after pleading guilty in Case No. 23-cr-1615-GPC, a case that was before this Court.

From the motion, it appears that Plaintiff is actually seeking to challenge the conditions of his confinement. At the time he filed his petition, he was confined at GEO Western Region Detention Facility (WRDF), a privately run facility in San Diego. Currently, the BOP Locator indicates that he is now confined at the U.S. Penitentiary, Big Sandy. He writes that his constitutional rights were violated at WRDF and invokes

grounds of "cruel and unusual punishment," "fair and equal treatment for like situated inmates," and "First Amendment violation denying regular access to chapel to practice my relion [*sic*]." *Id*.  The relief he seeks is "immediate transfer to custody of the Federal Bureau of Prisons, officially, and designated to a facility of [his] custody level to allow credit earning…" *Id*.

This is not an appropriate challenge under § 2255.  Section 2255 authorizes a court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Plaintiff is not challenging the sentence imposed by this Court.

Instead, Plaintiff is challenging the conditions of his confinement and bringing constitutional claims based on his post-sentence treatment at WRDF.  But "[a] petition under section 2255 can test only the propriety of the sentence imposed, not the manner of execution." *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).

The motion therefore "conclusively show[s] that the prisoner is entitled to no relief," and so the Court will not cause notice to be served upon, or require a response from, the United States.  28 U.S.C. § 2255(b); *see* Rule 4(b) of Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion…").  Accordingly, the Court **DISMISSES** the petition in this case.

**IT IS SO ORDERED.**

Dated:  December 6, 2024

Hon. Gonzalo P. Curiel
United States District Judge